————o————

No. 6967.

## SUCCESSION OF F. A. VON PUHL.

### On Rule Against Mrs. C. E. Feldner.

#### Syllabus.

The lessor to whom the movable property affected by his pledge is adjudicated at a sale made to pay debts in the succession of his lessee, may retain in his hands the price of adjudication up to the amount of rent due to him, until the amount of charges and privileges preferred to him is ascertained, on his giving security in a sum equal to that retained by him, to pay the above charges and privileges when ordered to do so by judgment.

Appeal from the Civil District Court, Parish of Orleans, No. 116,085, Division "B"; Honorable Fred D. King, Judge. Reversed.

Borah, Himel, Bloch & Borah, for plaintiff and appellee.

Prowell & Prowell, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

261

The question to be decided in this case is whether a lessor to whom the movable property affected by his privilege is adjudicated at a sale made to pay debts in the succession of his lessee has the right to retain in his hands the price of sale, until his rights and the rights of other creditors of the succession are established by judgment.

Frank A. Von Puhl died leaving property and debts; an administratrix was appointed to his succession; part of the property he left consisted of the contents of a drug store and residence inventoried at $1,415.60; he left other movable property; his whole inventory amounted to $2,332.50.

The administratrix filed a petition in which she alleged

> "that the late Frank A. Von Puhl occupied the said premises (the drug store) under an agreement with Mrs. Feldner by which he was to occupy the said premises from October 1st, 1915, up to and including September 30th, 1917, at a rental of $50 per month";

that there were other debts enumerated in said petition amounting to $2,567.78; that the contents of the drug store as well as the right of occupancy, should be sold as a going concern and *in globo* at one and the same time, as well as the furniture, in order to pay the debts of the succession. An order of sale was accordingly rendered.

The contents of the drug store and the right of occupancy of the premises were advertised for sale for June 2nd, 1916, and were adjudicated to Mrs. Feldner, the lessor, for $750. She refused to pay the price of adjudication, claiming the right to retain it. Whereupon the administratrix took a rule against her to have her con-

demned to comply with the adjudication and to pay the price.

Before an answer was filed to the rule, the administratrix filed a provisional account, providing for the payment of privileged claims. By this account it appears that the administratrix had realized from other sources the sum of $609.37, and that the privileged debts amounted to $598.82, including the funeral expenses and law charges. This account was homologated in due time.

Mrs. Feldner answered that she was the lessor of the premises occupied by the late Frank A. Von Puhl; that at the time of the sale of the contents of said premises there was due to her rent up to September 30th, 1917, or 18 months, at $50 per month, amounting to $900, and

> "that she has a right under the law to retain the proceeds under the sale of the drug stock to be applied to the balance of the rent due to her."

It is admitted that the succession is insolvent.

There was judgment condemning Mrs. Feldner to pay the price of adjudication and she has appealed.

The general rule undoubtedly is that a purchaser of property at succession sale must pay the price of adjudication. The purchaser who contends that he is under no such obligation must support his exceptional position by law or jurisprudence.

The defendant in this case refers us to no law in his favor. There are decisions, however, which have recognized the right of purchasers having mortgages or privileges upon the property purchased by them in succession or insolvency sales to retain the price of sale up to the

263

amount of their claims until a final account has definitely ascertained the amount accruing to them. The argument in favor of the above proposition is that it would be an unnecessary hardship upon the creditor of a succession to compel him to realize and pay money which is his, in whole or in part, and which will be returned to him, in whole or in part, and to expose it in an administrator's hands; that it would unnecessarily delay the payment of the privileged creditor, cause a loss of interest on the money while in the administrator's hands, and deprive the succession of a possible bidder.

The opponents of the proposition have quoted Article 1063 (1056) of the Civil Code and Articles C. P. 987-1054, which make it the duty of the administrator to file an account in which the assets of the succession are marshalled and the respective rights of the creditors thereof are determined, and that

> "the administrator cannot pay the debts or legacies, even where there are sufficient funds, without being authorized by the Judge to that effect."

They have also pointed out the confusion and dangers resulting from delivering property to purchasers without previous payment, and making a tableau of distribution without the funds on hand. 14 *An.*, 449. But all these differences must be reconciled by law and the adjudications.

The general rule is that compensation is not admitted in favor of one who being a debtor or creditor of an insolvent or of a succession prior to the opening of the succession has subsequently become a debtor or creditor of the succession in any manner whatsoever. 12 *R.*, 420; 7 *Toullier No.* 380, 381; 3 *Dalloz Codes Annotes C. N.*, 1298

*p.* 261 § 6 *No.* 52, § 7 *Nos.* 68-71; 33 *Dalloz Rep. Leg., p.* 602, *No.* 2681; 1 *H. D., p.* 258, § *IV, No.* 1.

As a consequence it has been held in the *Succession of McGinnis,* 18 *An.,* 268, that

> "an ordinary creditor of a deceased person who purchases property of the succession cannot compensate his claim against the price which he has agreed to give for the property",

affirming 7*N. S.,* 238; 2 *An.,* 412; 3 *An.,* 150. See also 35 *An.,* 1131.

The reasons for the rule, among others are that the claim against the succession is neither "liquidated" nor "demandable" as required by Article C. C. 2209 (2205). It is not "liquidated" because, in an insolvent succession, the exact amount which will be due to a creditor can only be ascertained after the filing and homologation of an account, and, until then, it is uncertain. It is not "demandable" because it is only payable in due course of administration. C. P. 987, 1054.

Besides, to allow the debtor to compensate his claim against his debt would be admitting the validity of the claim, which creditors have a right to contest, and giving him a preference over the other creditors which the nature of his claim perhaps did not give him under the law.

The Courts have applied the rule of the *Succession of McGinnis* even to cases of creditors with a general legal or judicial mortgage. Thus in *Godchaux v. Succession of Dicharry,* 34 *An.,* 579, the Court said:

> "This fact, to say the least, is not well calculated to strengthen their position, since it involves the proposition that a judgment creditor, under his judicial mortgage, can absorb an entire succession,

without taking any step to provoke a sale of the property, by simply buying in the property, when sold at the suit of another, and retaining the price, take possession, and compel all persons, if any, holding superior privileges, to sue him to enforce their rights."

In *Succession of Gayle*, 27 *An.*, 553, the administratrix was held liable for $2,175 for failure to collect notes given by Mrs. Stevens as purchaser of succession property. The defense was that Mrs. Stevens was the lessor and that the balance due her for rent was in excess of these notes. The Court said:

"It was the duty of the administratrix to collect them, and to place the proceeds on her account, leaving it to the parties in interest to claim their right of preference over the proceeds." 12 *An.*, 337.

A widow purchasing property in her husband's succession cannot tender in payment her widow's claim for $1,000 and the funeral expenses paid by her. 14 *An.*, 449.

A purchaser of succession property on which he has a tacit mortgage has no right to retain the price until his claim is liquidated. 11 *An.*, 593.

But Article C. C. 1343 (1265) under the title of partition provides that:

"Any coheir of age, at the sale of the hereditary effects, can become a purchaser to the amount of the portion owing to him from the succession, and he is not obliged to pay the surplus of the purchase money over the portion coming to him, until this portion has been definitely fixed by a partition."

Under the title of "the Judicial Sale of the property of Successions", Article 2625 (2603) reads that:

"Heirs may purchase the property of the succession to the amount of their proportion and are not obliged to pay the purchase money, until a liquidation is had by which it is ascertained what balance there is in their favor or against them."

Accordingly, in the case of *Mason v. Bemiss*, 39 *An.*, 935, the Court said, p. 938:

"We have no hesitation in saying that where the widow in community makes a purchase at probate sale of community property, being at the same time usufructuary and tutrix of the minor heirs of the succession—she is not required to pay over the price of the adjudication where the same is not needed to discharge the debts of the succession. In such case she is entitled to withhold the price. It would certainly be a vain thing and a meaningless formality for her to pay over the amount to the administrator and then take it back again. In this instance, as before stated, the price at which the property was adjudicated to the surviving widow was not needed to pay debts and was properly retained by her." Overruling impliedly 22 *An.*, 250 and 12 *An.*, 10, and affirming *Cochran v. Violet*, 38 *An.*, 527; 30 *An.*, 120 and 13 *An.*, 591; 12 *An.*, 337; 36 *An.*, 52.

Heirs who purchase more than their share in a succession can be made to pay an amount sufficient to pay debts. 6 *An.*, 699.

The principle of coproprietors or of heirs with a right *in rem* has been extended by analogy to purchasers of property with a mortgage or privilege or a right *ad rem*. Thus in *Tertrou v. Durand*, 30 *An.*, 1108, the plaintiff, a mortgage creditor of Charles Durand, at a sale made in his succession, bought the property affected by his mortgage for

267

an amount less than his mortgage.   He refused to pay the price.   The Court said:

> "Tertrou was entitled to retain the amount of his bid until the amount of claims preferred to his and exigible out of the property was ascertained."

To the same effect are 47 *An.*, 1334 (1342) ; *Succession of Triche*, 29 *An.*, 384; *Tertrou v. Durand*, 29 *An.*, 507, 508; 11 *An.*, 594; 2 *An.*, 535; 1 *R.*, 535.

In the leading case of *Goodale v. His Creditors*, 8 *La.*, 299, Judge Martin said:

> "A creditor who has a special mortgage on property surrendered by the insolvent and at the sale made by the syndics bids it in cannot be required to pay the price of adjudication, but may retain it in satisfaction of his claim, except so far as it exceeds the amount of his mortgage, on his giving security to pay any charges that may afterwards be legally ordered or any claim superior to his."
> Also 3 *N. S.*, 129.

In the present case there is neither allegation nor proof that there remain unpaid any charges or claims having a preference over the lessor and purchaser, defendant in rule herein, which make it necessary that she should place into the hands of the administratrix any sum of money whatever.

There is no force in the contention that the defendant promised to send her check for the purchase price.   That promise was only supplementary to her obligation to pay when her bid was accepted and the property was adjudicated to her.   If the law gave her the right to retain the price, there was no breach of good faith on her part to insist upon her right to retain it and to refuse to pay it.

For these reasons the judgment herein is reversed, and the rule herein taken against Mrs. Feldner is dismissed as in case of non-suit at the cost of the Succession in both Courts, reserving to the administratrix the right to establish by proper proceedings the amount due by Mrs. Feldner under the adjudication to her hereinabove mentioned and the amount of rent due to her, and also the sum of charges and privileges preferred to her.

Opinion and decree, April 2nd, 1917.